**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**

**ANITA MEGHA, OD**
915 Live Oak Terrace N.E.
St. Petersburg, FL 33703

Plaintiff,

vs.

**LCA-VISION INC. dba LASIK PLUS**
7840 Montgomery Road
Cincinnati, OH 45236;
c/o Its Agent for Service of Process,
Corporation Services Company
251 Little Falls Drive
Wilmington, DE

Defendant.

Case No. ____________________

Hon.

**COMPLAINT WITH JURY DEMAND**

Patricia A. Wise (0030441)
SPENGLER NATHANSON P.L.L.
900 Adams Street
Toledo, Ohio 43604
Telephone: (419) 241-2201
Facsimile: (419) 241-8599
pwise@snlaw.com

*Counsel for Plaintiff*

---

Now comes Plaintiff, Dr. Anita Megha ("Dr. Megha"), by counsel, and alleges the following as her Complaint in this action:

**JURISDICTION**

1. Jurisdiction of this Court is invoked pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000d et seq. This action is one for money damages and liquidated damages resulting from an unlawful termination from employment. Dr. Megha filed a charge of discrimination with the Ohio Civil Rights Commission and the Equal Employment Opportunity

Commission on the basis of sex/gender, race/color, national origin/ancestry, religion, and/or retaliation, Charge Number 511-2021-00277, attached as Exhibit A, and incorporated by reference. This Court's supplemental jurisdiction is invoked over Dr. Megha's state law claims of breach of contract, sex/gender, race/color, national origin/ancestry, and/or religious discrimination and/or retaliation. On December 11, 2022, the EEOC notified Dr. Megha of her right to file suit in an appropriate court. Dr. Megha's notice of her right to sue is attached as Exhibit B.

**PARTIES AND BACKGROUND**

1. Dr. Megha is a duly licensed, practicing optometrist.

2. Defendant is a Delaware corporation with employees in the states of Ohio and Florida and was at all relevant times an employer of more than 15 employees, subject to federal and Ohio law.

3. Dr. Megha was employed as a full-time optometrist by Defendant from August, 2017 to on or about March 25, 2020. At all times material hereto, Dr. Megha was an employee of an employer within the meaning of Title VII of the Civil Rights Act, 42 U.S.C. § 2000d et seq. and Ohio Revised Code Chapter 4112.

4. Dr. Megha was hired by Defendant to work in the company's LASIK Plus Vision Center in Tampa, Florida.

5. The parties entered into a binding agreement of employment of Dr. Megha dated July 12, 2017 (the "Agreement"). A copy of the Agreement is attached as Exhibit C.

6. The Agreement required that Dr. Megha also enter into a Noncompetition Agreement, which Dr. Megha did. A copy of the Noncompetition Agreement is attached as Exhibit D.

7. The Noncompetition Agreement provides that it "shall be governed by and interpreted under the laws of the State of Ohio" and that any litigation "should be brought only in

the state or federal courts located within Ohio and in no other location." *See*, Exhibit D, paragraph VII.

8. Dr. Megha and other employees of Defendant were advised in writing on March 25, 2020 that they were laid off due to the COVID-19 pandemic. Dr. Megha was advised that her health insurance coverage would end on March 31, 2020, that she was eligible for COBRA coverage, that she should apply for unemployment insurance, and to return all of Defendant's property. See, correspondence attached as Exhibit E.

9. Dr. Megha was never recalled from lay off, but other similarly situated employees were, including a less experienced, Caucasian, male optometrist whom Dr. Megha trained, beginning in April of 2020. Employees who were recalled had not engaged in legally protected behavior by questioning certain terms and conditions of employment internally, contacting state regulatory agencies, or engaging an attorney to make a demand to Defendant.

10. Following her termination, Defendant continued to advertise for open positions in Dr. Megha's region.

11. Dr. Megha never received payment for 60 days as required in the event of termination set forth in the Agreement at Section 3.1.

12. During her employment, Dr. Megha advocated on behalf of her staff.

13. Following the notice of recall, Dr. Megha contacted human resources on April 10, 2020, to raise questions about the terms of the layoff, her Agreement, and her employment.

14. Also in April, Dr. Megha contacted the President and the General Counsel of the Florida Optometric Association regarding Defendant's failure to pay the 60 days of compensation, and was advised that the Agreement did require such payment by Defendant.

15. On May 27, 2020, through an attorney, Dr. Megha made a demand for payment of 60-days' compensation pursuant to the Agreement.

16. At all times during her employment, Dr. Megha performed her job well and was regularly ranked as one of the top three optometrists within her region. She was well qualified for her position based on her education and experience, was cross-trained in several job functions, and was at all times meeting or exceeding her employer's expectations.

**BREACH OF CONTRACT**

17. The parties entered into a binding agreement with Dr. Megha regarding her employment with Defendant. A copy of the agreement is attached as Exhibit C.

18. Defendant failed to pay Dr. Megha regarding her termination as required by Section 3.1 of the Agreement

**CLAIM OF SEX/GENDER DISCRIMINATION**

19. Dr. Megha's sex/gender or some intersectional combination of her gender/sex, race/color, national origin/ancestry, religion and/or retaliation were the motivating factor(s) in Defendant's decisions not to recall Dr. Megha, and to terminate her employment.

20. Defendant had no legitimate, non-discriminatory and/or non-retaliatory reasons for and provided conflicting reasons for the failure to recall Dr. Megha from layoff and for Dr. Megha's termination.

22. As a direct result of Defendant's unlawful and willful discrimination and retaliation against Dr. Megha, Dr. Megha has suffered the loss of her job, lost wages, loss of benefits, anguish, humiliation, and embarrassment. Dr. Megha has also been forced to expend litigation expenses and attorneys' fees.

**CLAIM OF RACE/COLOR DISCRIMINATION**

22. Dr. Megha's race/color or some intersectional combination of her gender/sex, race/color, national origin/ancestry, religion and/or retaliation were the motivating factor(s) in Defendant's decisions not to recall Dr. Megha, and to terminate her employment.

23. Defendant had no legitimate, non-discriminatory and/or non-retaliatory reasons for and provided conflicting reasons for the failure to recall Dr. Megha from layoff and for Dr. Megha's termination.

24. As a direct result of Defendant's unlawful and willful discrimination and retaliation against Dr. Megha, Dr. Megha has suffered the loss of her job, lost wages, loss of benefits, anguish, humiliation, and embarrassment. Dr. Megha has also been forced to expend litigation expenses and attorneys' fees.

**NATIONAL ORIGIN/ANCESTRY**

25. Dr. Megha's national origin/ancestry or some intersectional combination of her gender/sex, race/color, national origin/ancestry, religion and/or retaliation were the motivating factor(s) in Defendant's decisions not to recall Dr. Megha, and to terminate her employment.

26. Defendant had no legitimate, non-discriminatory and/or non-retaliatory reasons for and provided conflicting reasons for the failure to recall Dr. Megha from layoff and for Dr. Megha's termination.

27. As a direct result of Defendant's unlawful and willful discrimination and retaliation against Dr. Megha, Dr. Megha has suffered the loss of her job, lost wages, loss of benefits, anguish, humiliation, and embarrassment. Dr. Megha has also been forced to expend litigation expenses and attorneys' fees.

**CLAIM OF RELIGIOUS DISCRIMINATION**

28. Dr. Megha's religious beliefs or some intersectional combination of her gender/sex, race/color, national origin/ancestry, religion and/or retaliation were the motivating factor(s) in Defendant's decisions not to recall Dr. Megha, and to terminate her employment.

29. Defendant had no legitimate, non-discriminatory and/or non-retaliatory reasons for and provided conflicting reasons for the failure to recall Dr. Megha from layoff and for Dr. Megha's

termination.

30. As a direct result of Defendant's unlawful and willful discrimination and retaliation against Dr. Megha, Dr. Megha has suffered the loss of her job, lost wages, loss of benefits, anguish, humiliation, and embarrassment. Dr. Megha has also been forced to expend litigation expenses and attorneys' fees.

**CLAIM OF RETALIATION**

31. Dr. Megha engaged in legally protected activity by advocating on behalf of other employees with human resources, questioning the terms and conditions of her employment internally with Defendant, contacting the Florida Optometric Association and an attorney, seeking enforcement of the terms of her contract.

32. Dr. Megha's engagement in legally protected activities or some intersectional combination of her gender/sex, race/color, national origin/ancestry, religion and/or retaliation were the motivating factor(s) in Defendant's decisions not to recall Dr. Megha, and to terminate her employment.

33. Defendant had no legitimate, non-discriminatory and/or non-retaliatory reasons for and provided conflicting reasons for the failure to recall Dr. Megha from layoff and for Dr. Megha's termination.

34. As a direct result of Defendant's unlawful and willful discrimination and retaliation against Dr. Megha, Dr. Megha has suffered the loss of her job, lost wages, loss of benefits, anguish, humiliation, and embarrassment. Dr. Megha has also been forced to expend litigation expenses and attorneys' fees.

**PRAYER FOR RELIEF**

Dr. Megha seeks payment in the amount of $30,000.00 for her 60 days' notice pursuant to the Agreement. Dr. Megha further seeks interest in the amount of 1.5% of the unpaid principal

from March 24, 2020 through and until the date of judgment in this action, back pay, front pay, pre-judgment interest, post-judgment interest, compensatory, liquidated, and punitive damages and reasonable attorneys' fees in this action. Dr. Megha also seeks whatever other legal or equitable relief she may be entitled to.

Respectfully submitted,

Patricia A. Wise (0030441)
SPENGLER NATHANSON P.L.L.
900 Adams Street
Toledo, Ohio 43604
Telephone: (419) 241-2201
Facsimile: (419) 241-8599
pwise@snlaw.com

*Counsel for Plaintiff*

**JURY DEMAND**

A jury is requested for this action.

Respectfully submitted,

Patricia A. Wise (0030441)
*Counsel for Plaintiff*